UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DEGUZMAN<br>c/o his attorneys Tittle & Perlmuter<br>2012 West 25th Street, Ste. 716<br>Cleveland, OH 44113<br><br>On behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>ACTION IRRIGATION, LLC<br>c/o its Statutory Agent<br>Anthony Zarlinga<br>2615 Brookview Blvd.<br>Parma, OH 44134<br><br>— and —<br><br>ANTHONY ZARLINGA<br>2615 Brookview Blvd.<br>Parma, OH 44134<br><br>      Defendants. | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br><br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Michael DeGuzman, through counsel, respectfully files this Class and Collective Action Complaint against Defendants Action Irrigation, LLC ("Action Irrigation") and Anthony Zarlinga (sometimes collectively "Defendants").

## INTRODUCTION

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the

Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, and the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under the Ohio overtime compensation statute (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Michael DeGuzman was a citizen of the United States and a resident of Cuyahoga County, Ohio.

8. Defendant Action Irrigation, LLC is an Ohio limited liability company with its principal office at 9111 Brookpark Road, Cleveland, Ohio 44129.  According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Anthony Zarlinga, 2615 Brookview Blvd., Parma, Ohio 44134.

9. At all times relevant, Defendant Anthony Zarlinga was the owner, operator, and principal manager of Action Irrigation.

## FACTUAL ALLEGATIONS

### Defendants' Business

10. Action Irrigation installs sprinkler systems and outdoor lighting throughout Cleveland and Akron, Ohio.  According to its website, "Action Irrigation has specialized in installing, repairing, and inspecting irrigation/lawn sprinkler and lighting systems" for over twenty-seven years.

11. Action Irrigation utilizes employees to provide "prompt, reliable, and affordable irrigation and lighting services."

### Defendants' Employment of Plaintiff, Potential Opt-Ins, and Class Members

12. Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class worked for Defendants as non-exempt employees of Action Irrigation.

13. Plaintiff Michael DeGuzman worked for Action Irrigation at 9111 Brookpark Road, Cleveland, Ohio 44129 in the summer of 2014, and again from approximately July 2017 to August 2018.

### Defendants' Status as "Employers"

14. Defendant Action Irrigation was an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Defendant Anthony Zarlinga was an "employer" pursuant to 29 U.S.C. § 203(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," Action Irrigation, "in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members. As owner, operator, and principal manager of Action Irrigation, Defendant Zarlinga had operational control over significant aspects of the company's operations and day-to-day functions, including compensation of employees. Defendant Zarlinga instituted or knowingly ratified the unlawful pay practices described herein.

16. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id.* Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions. *Id.*

17. Defendants were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

4

18. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendants' Failure to Pay Required Compensation**

19. Under the FLSA and Ohio law, non-exempt employees must be paid for all hours they were "suffer[ed] or … permit[ted] to work," 29 U.S.C. § 203(g); Ohio Rev. Code Ann. § 4111.03(D)(1), and they must be paid overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek.  29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

20. Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class frequently worked more than forty hours in a single workweek, entitling them to overtime compensation under the FLSA and the Ohio overtime compensation statute.

21. Defendants failed to pay them overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek.  Defendants paid them only straight-time for their overtime hours, in violation of 29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

**Willfulness of Defendants' Violations**

22. Defendants knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to overtime compensation at one and one-half times their regular rate under federal and state law, or acted in reckless disregard for whether they were so entitled.

23. Defendants intentionally and willfully circumvented the requirements of the FLSA and state law. Defendants designed Action Irrigation's timekeeping and payroll practices to reduce employees' overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

26. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Action Irrigation's FLSA violations consist of:

> All employees of Action Irrigation who worked more than forty hours in one or more workweeks and were paid straight-time for those hours during the period three years preceding the commencement of this action to the present.

27. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to Defendants' unlawful timekeeping and payroll practices, all were injured by those practices, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

28. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-

6

authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

29. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of hundreds of persons. Such persons are readily identifiable through the records Action Irrigation has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Plaintiff brings this case on behalf of himself and other members of a proposed Ohio Class, defined as:

> All employees of Action Irrigation in Ohio who worked more than forty hours in one or more workweeks and were paid straight-time for those hours during the period two years preceding the commencement of this action to the present.

32. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of over one-hundred persons. The number of Class Members as well as their identities are ascertainable from records Action Irrigation has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

33. There are questions of law or fact common to the Ohio Class, including but not limited to whether Action Irrigation paid Plaintiff and other Class Members at straight-time for their overtime hours instead of the required time-and-a-half, and whether Action Irrigation did so willfully.

34. Plaintiff's claims are typical of the claims of other members of the Ohio Class.  Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

35. Plaintiff will fairly and adequately protect the interests of the Ohio Class.  Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

36. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense,

and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) will be filed with the Court.

40. The FLSA required Defendants to pay overtime compensation at one and one-half times employees' "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

41. Defendants failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek.  Defendants paid them at straight-time for their overtime hours, in violation of law.

42. By engaging in these practices, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

43. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to an award of

unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

44. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

46. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

47. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members at one and one-half times their regular rate.

48. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

49. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the

overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Record-Keeping Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. The OMFWA required Defendants to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

52. Defendants violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of its professionals and other employee's time.

53. As a result of Defendants' record-keeping violations, Plaintiff, the potential Opt-Ins in Ohio, and the Ohio Class Members were injured in that Action Irrigation does not have accurate and complete records of their working hours.

## COUNT FOUR
### (Declaratory Judgment)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

56. Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, Plaintiff and other class members have a justiciable controversy with Defendants Action Irrigation and Anthony Zarlinga.

57. A declaratory judgment will aid in determining the rights and obligations of the parties.

58. Plaintiff asks the Court to declare, among other appropriate declarations, that Defendants' practice of paying overtime compensation to Plaintiff and other class members at straight-time instead of one and one-half times their regular rate violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award declaratory relief in favor of Plaintiff and other class members as herein requested;

E. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

F. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
2012 West 25th Street, Suite 716
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
tittle@tittlelawfirm.com

s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)